**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEPHEN B. CAPLES,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:26-cv-00239** |
| | : | **Judge Douglas R. Cole** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **COLUMBUS METROPOLITAN** | : | |
| **HOUSING AUTHORITY, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Undersigned for a Report and Recommendation on Plaintiff's Motion for Judgment by Default. (ECF No. 48.) For the reasons below, the Undersigned **RECOMMENDS** that the Court **DENY** that Motion. The Undersigned further **RECOMMENDS** that the Court **SET ASIDE** the Clerk's entry of default against Defendant Michelle Caples (ECF No. 39). In addition, the Undersigned addresses the failure of service upon Defendant Michelle Caples.

## I. BACKGROUND

Plaintiff, an Ohio resident proceeding without the assistance of counsel, filed this action on February 27, 2026, asserting claims against Defendants Columbus Metropolitan Housing Authority, Marble Properties LLC, Melanie Thrash, and Michelle Caples. (ECF No. 1.) After an initial screening of Plaintiff's Complaint (ECF No. 3) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court permitted Plaintiff to proceed on his claims. (ECF No. 4.)

On March 10, 2026, the Undersigned directed the United States Marshals Service to serve Defendant Michelle Caples with the Complaint and summons, provided that Plaintiff submitted completed summons and United States Marshals Service forms for her. (ECF No. 7.) Plaintiff

provided the completed forms on March 30, 2026, and the Clerk of Court then provided the relevant forms to the Marshals Service. The Marshals Service sent those forms to Defendant Michelle Caples via certified mail. Shortly thereafter, the Clerk docketed an entry indicating "SUMMONS Returned Executed as to Defendant[] Mechelle Caples" and that Defendant Michelle Caples was served on April 8, 2026.[1] (ECF No. 12.) On May 18, 2026, Plaintiff applied for an entry of default pursuant to Federal Rule of Civil Procedure 55 against Defendant Michelle Caples. (ECF No. 21.) The Clerk then entered default against her. (ECF No. 39.)

On the basis of these docket entries, the Undersigned concluded that service had been perfected on Defendant Michelle Caples. Therefore, when Plaintiff failed to move for default judgment under Rule 55, the Undersigned ordered Plaintiff to move for default judgment or to show cause why his claims against Michelle Caples should not be dismissed for failure to prosecute. (ECF No. 47.) On October 9, 2026, Plaintiff filed a "Motion for Default Judgment Against Defendant Michelle Caples." (ECF No. 48.)

## II. LAW AND ANALYSIS

### A. Motion for Default Judgment (ECF No. 48)

Federal Rule of Civil Procedure Rule 55 provides a two-step process for obtaining default judgment. The first step in this process is for a plaintiff to seek an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). After the Clerk has made such an entry, the plaintiff must file a motion for default judgment. Fed. R. Civ. P. 55(b)).

The Undersigned previously ordered Plaintiff to move for default judgment on the belief that Defendant Michelle Caples was in fact served on April 8, 2026. (ECF No. 47.) Upon further

[1] Defendant Michelle Caples was originally identified in the case caption as "Mechelle Caples." At the preliminary pretrial conference, Plaintiff clarified that the correct spelling is "Michelle Caples," and the caption was updated accordingly. (ECF No. 38.)

review, the Court now concludes that this belief was unfounded. Despite the Clerk's docket notation, the service documents that were filed do not show that Defendant Michelle Caples was served. Rather, the certified mail return "green card" is unsigned. (ECF No. 12, PAGEID #: 113.)

Ohio Civ. R. 4.1, made applicable by Fed. R. Civ. P. 4(e), does permit service of process by certified mail. But as this Court has explained:

> [M]erely sending certified mail does not render service effective. *See TCC Mgmt. v. Clapp*, No. 05AP-42, 2005-Ohio-4357, 2005 WL 2008677, at *2-3 (Ohio 10th Dist. Ct. App. Aug. 23, 2005). Rather, "service of process via certified mail is 'evidenced by return receipt signed by any person.'" *Brownfield v. Krupman*, No. 14AP-294, 2015-Ohio-1966, 2015 WL 2452048, at *4 (Ohio 10th Dist. Ct. App. May 21, 2015) (citing to Ohio Civ. R. 4.1(A) (internal brackets omitted)). Thus, the dispositive question is whether "the record contains a signed return receipt for the envelope delivered that should have contained the summons and complaint." *W2 Properties v. Haboush*, 2011-Ohio-4231, 196 Ohio App.3d 194, 199, 962 N.E.2d 858 (Ohio 1st Dist. Ct. App. 2011).

*Copeland v. Kelly*, No. 1:22-CV-00129, 2024 WL 1460098, at *2 (S.D. Ohio Apr. 4, 2024), *report and recommendation adopted*, No. 1:22-CV-129, 2024 WL 1984799 (S.D. Ohio May 6, 2024).

In this case, the record contains an unsigned return receipt for Defendant Michelle Caples. (ECF No. 12, PAGEID #: 113.) This document does not establish service under Ohio law and the United States Constitution. *See, e.g.*, *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 838 (6th Cir. 2007) ("To satisfy due process, service of process must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (internal citation omitted)). Accordingly, as this case now stands, the Court finds that Defendant Michelle Caples has not been served under Federal Rule of Civil Procedure 4. Thus, the Court is without the power to grant any relief to Plaintiff as against Defendant Michelle Caples—"entry of default, default judgment, or otherwise." *Copeland*, 2024 WL 1984799, at *2.

Accordingly, the Undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for Judgment by Default (ECF No. 48). The Undersigned further **RECOMMENDS** that the Court **SET ASIDE** the Clerk's entry of default against Defendant Michelle Caples (ECF No. 39).

**B. Failure of Service Upon Defendant Michelle Caples**

Because more than ninety days have passed since Plaintiff's original complaint was filed, Federal Rule of Civil Procedure 4(m) applies. That rule provides:

> If a defendant is not served [with a complaint and summons] within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As a *pro se* plaintiff proceeding *in forma pauperis*, Plaintiff is "reliev[ed] . . . of the burden to serve process" and need only take "reasonable steps" to identify Defendant Michelle Caples. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Plaintiff did so by providing Defendant Michelle Caples' full name and address. Under these circumstances, the Sixth Circuit directs district courts to "confer a showing of automatic good cause" and extend the time for service under Federal Rule of Civil Procedure 4(m). *Id.* at 220 (holding that the court's failure to effect timely service of the complaint for a plaintiff proceeding in forma pauperis constitutes a showing of good cause under Fed. R. Civ. P. 4(m)).

Accordingly, the Undersigned **EXTENDS** Plaintiff's service deadline for Defendant Michelle Caples by **FORTY-FIVE DAYS** from the date of this Order. The Clerk is **DIRECTED** to provide the United States Marshals Service a summons and copy of the Complaint (ECF No. 3), as well as a copy of this Order, for service on Defendant Michelle Caples.

## III. CONCLUSION

In sum, the Undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for Judgment by Default. (ECF No. 48.) The Undersigned further **RECOMMENDS** that the Court **SET ASIDE** the Clerk's entry of default against Defendant Michelle Caples. (ECF No. 39.)

Furthermore, the Undersigned **ORDERS** as follows:

1. Plaintiff's deadline to serve Defendant Michelle Caples is **EXTENDED** by **FORTY-FIVE DAYS** from the date of this Order. The Clerk is **DIRECTED** to provide the United States Marshals Service a summons and copy of the Complaint (ECF No. 3), as well as a copy of this Order, for service on Defendant Michelle Caples.

## IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**